# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2012

No. 11-50287
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE TORRES-DUENAS, Also Known as Joe Angel Torres,
Also Known as Leonardo Duenia-Torres, Also Known as Leonard Torres,
Also Known as Joe Torres,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:10-CR-814-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50287

Jose Torres-Duenas appeals the sentence imposed after he pleaded guilty to illegal reentry after deportation. The seventy-one-month sentence was within the properly calculated guidelines range and is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Torres-Duenas's contention that the presumption of reasonableness should not apply because the applicable guideline is not founded on empirical data is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). His disagreement with the district court's weighing of the sentencing factors does not rebut the presumption of reasonableness. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). His contention that a federal court may not order a sentence to run consecutively to a yet-to-be-determined state sentence is foreclosed by *Setser v. United States*, 132 S. Ct. 1463, 1466-73 (2012).

The district court imposed a reasonable sentence. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). Because there was no error, plain or otherwise, with regard to the sentence, the judgment is AFFIRMED.